**A. K. P. COAL COMPANY et al.,**
**Petitioners,**

**v.**

**Rogers C. B. MORTON, Secretary of**
**the Interior, et al., Respondents.**

**No. 74–1568.**

United States Court of Appeals,
Sixth Circuit.

Aug. 20, 1974.

---

Bert T. Combs, Tarrant, Combs, Blackwell & Bullitt, Louisville, Ky., John L. Kilcullen, Webster & Kilcullen, Washington, D. C., for petitioners.

Richard V. Backley, Dept. of the Interior, Washington, D. C., Stephen Eilperin, Michael Kimmel (argued), Department of Justice, Washington, D. C., for respondents.

Motion for Stay of Enforcement.

Before WEICK, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Petitioners in this case have filed a "Motion for Stay of Enforcement of Mine Closure Orders" under Rule 18 of the Federal Rules of Appellate Procedure. The motion seeks an order of this court requiring respondent, Rogers C. B. Morton, Secretary of the United States Department of the Interior, to stay enforcement of any withdrawal orders issued against petitioners' mines. The stay is sought pending review on the merits of a petition for review of respondents' denial of a petition for modification of the interim mandatory safety standards contained in Section 305(a)(2), 30 U.S.C. § 865(a)(2) (1970), of the Federal Coal Mine Health and Safety Act of 1969, as applied to petitioners' mines.

This petition was filed March 18, 1974, under Section 301(c) of the Act, 30 U.S.C. § 861(c) (1970). It was ordered dismissed by an administrative law judge April 12, 1974, which dismissal was affirmed by the Board of Mine Operations Appeals of the United States Department of the Interior April 24, 1974. Both the Board and the administrative law judge dismissed the petition as a matter of law, holding that the petition "failed to state a cause of action upon which a modification of a mandatory safety standard can be granted."

The Department clearly regarded the petition as seeking a waiver of Section 305(a)(2), which provides in applicable part:

"(2) Effective four years after the operative date of this subchapter, all electric face equipment, other than equipment referred to in paragraph (1)(B) of this subsection, which is taken into or used inby the last open crosscut of any coal mine which is operated entirely in coal seams located above the watertable and which has not been classified under any provision of law as a gassy mine prior to the operative date of this subchapter and in which one or more openings were made prior to December 30, 1969, shall be permissible except, that any operator of such mine who is unable to comply with the provisions of this paragraph on such effective date may file with the Panel an application for a permit for noncompliance ninety days prior to such date. If the Panel determines, after notice to all interested persons and an opportunity for a public hearing under section 804 of this title, that such application satisfies the provisions of paragraph (10) of this subsection and that such operator, despite his diligent efforts, will be unable to comply with such provisions, the Panel may issue to such operator such a permit. Such a permit shall entitle the permittee to an additional extension of time to comply with the provisions of this paragraph of not to exceed twenty-four months, as determined by the Panel, from such effective date." 30 U.S.C. § 865(a)(2) (1970).

■ The position of the administrative law judge and of the Board of Appeals was that this section is a mandatory safety requirement which could not legally be waived by the Secretary. Our review of the statute convinces us that this position is correct as a matter of law. *See* Reliable Coal Co. v. Morton, 478 F.2d 257 (4th Cir. 1973). Section 305(a)(2) is designated by Congress as an "interim *mandatory* safety standard" [1] (emphasis added). Section 305 (a)(2) as adopted by Congress contained a four-year delayed effective date in order to allow mine owners like petitioners to secure the equipment necessary for compliance. We note that this petition was filed just 12 days before the expiration of the four-year grace period allowed by Congress.

■ Petitioners also sought a measure of relief pertaining to the methane gas detection device specified in Section 303(*l*) of the Act. It is their claim that there is a system for more effective detection of methane gas than that specified by Section 303(*l*). As the administrative law judge noted, however:

"In order to obtain a modification the petitioner has to present either an available alternative method or proof that the application of the mandatory safety standard will result in a diminution of safety to the miners. The Petition for Modification in this case does not allege either of these two necessary points.

"Section 301(c) compels the present existence of an alternative method. The method laid out in the Petition in question does not presently have MESA approval and is not permissible equipment.[5]

[5] Affidavit of Joseph J. Seaman, Chief, Approval and Testing Group, MESA, Exhibit A, MESA's Motion to Dismiss Petition or in the alternative, for Summary Decision."

Like the administrative law judge and the Board, we conclude that on the showing made, the petition must be denied as a matter of law, and, therefore, that no evidentiary hearing was required for this conclusion.

For the reasons stated above, we find that there is no "substantial likelihood" of petitioner "prevail[ing] on the merits." 30 U.S.C. § 816(c)(1)(B) (1970).

[1] *See* Subchapter III—Interim Mandatory Safety Standards for Underground Coal Mines, 30 U.S.C. § 801 et seq.

At oral argument of this motion counsel for the government stated without any contradiction that the government had no intention of issuing orders to close any mines where applications for delay to acquire permissible equipment had been filed, along with a showing that such permissible equipment was on order. The authority for such delay is contained in § 305(a)(2) of the Act, 30 U.S.C. § 865(a)(2) (1970).

The motion for stay pending review is denied.

WEICK, Circuit Judge (dissenting).

I would grant the stay and assign the appeal for an expedited hearing at our October, 1974 Session.

Fifty-one mining companies petitioned the Secretary, under the provisions of Section 301(c) of the Act, to modify the interim mandatory safety standards of the Act contained in Section 305(a)(2).

Section 301(c) of the Act provides as follows:

> (c) Upon petition by the operator or the representative of miners, the Secretary may modify the application of any mandatory safety standard to a mine if the Secretary determines that an alternative method of achieving the result of such standard exists which will at all times guarantee no less than the same measure of protection afforded the miners of such mine by such standard, or that the application of such standard to such mine will result in a diminution of safety to the miners in such mine. Upon receipt of such petition the Secretary shall publish notice thereof and give notice to the operator or the representative of miners in the affected mine, as appropriate, and shall cause such investigation to be made as he deems appropriate. Such investigation shall provide an opportunity for a public hearing, at the request of such operator or representative or other interested party, to enable the operator and the representative of miners in such mine or other interested party to present information relating to the modification of such standard. The Secretary shall issue a decision incorporating his findings of fact therein, and send a copy thereof to the operator or the representative of the miners, as appropriate. Any such hearing shall be of record and shall be subject to section 554 of Title 5. 30 U.S.C. § 861(c).

The Secretary gave the required notice of the filing of the petition, but he did not provide an opportunity for a public hearing to enable the mine operators to present information relating to the modification of the standard.

An Administrative Judge summarily granted a motion to dismiss without taking any evidence; he adopted no findings of fact. His order was affirmed in an administrative appeal.

In Reliable Coal Corp. v. Morton, 478 F.2d 257 (4th Cir. 1973), relied on by the Secretary, the hearing examiner permitted evidence to be offered at the hearing but made no factual findings.

In my opinion, before resorting to the drastic closing of all fifty-one of these mines, the Secretary was required to conform to the procedural requirements of the Act, the regulations adopted pursuant thereto, and the requirements of the Administrative Procedure Act. These requirements were designed to afford due process of law in administrative proceedings.

There is a substantial question whether the Secretary complied with the procedural requirements of the Act so as to afford due process of law to the mine owners. This substantial question should be explored in depth in this appeal and the mines ought not to be closed until the mine owners have had an opportunity to be heard and to offer evidence in support of their petition.